United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 8, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-20907
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAZA HUSAIN,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
(H-02-CV-2469)
(H-98-CR-105-1)
---------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Raza Husain, federal prisoner #79193-079, appeals the district court's denial of the ineffective-assistance-of-counsel claim raised in his 28 U.S.C. § 2255 motion challenging his conviction and sentence for two counts of possession of a machine gun, two counts of unlawful transfer of a machine gun to another person, and one count of corruptly attempting to persuade another to withhold information from an Alcohol, Tobacco & Firearms (ATF) agent. Husain contends that his trial counsel was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

ineffective for not introducing the report of C.E. Anderson, a gun examiner who examined and test fired six of the guns involved in the instant case. Husain argues that the conclusions in Anderson's report differed from the conclusions of the ATF agent who testified at trial that all six guns were fully automatic.

Anderson's report concluded that two of the guns fired only semi-automatic, but that all six of the guns had been "altered to discharge full automatic, or the intent to make them discharge full automatic." The definition of machine gun includes any weapon "designed to shoot . . . automatically." 26 U.S.C. § 5845(b). Although the attempt to alter some of the guns to fire in the full automatic mode failed, they were "designed" by alteration to shoot . . . automatically." Id. Thus, Husain has failed to demonstrate that he was prejudiced by counsel's failure to introduce the Anderson report. See Strickland v. Washington, 466 U.S. 668, 687 (1984).

AFFIRMED.

2